IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| STATE OF UTAH, *et al.*, § § | |
| Plaintiffs, § § | |
| v. § § | 2:23-CV-016-Z |
| MARTIN J. WALSH, SECRETARY § OF LABOR, *et al.*, § § | |
| Defendants. § | |

**ORDER**

On February 1, 2023, the Court entered an order deferring on the State of Missouri's application for admission *pro hac vice* (ECF No. 5). *See* ECF No. 6. Other parties have since filed applications, and some amended applications, on behalf of various states' offices of attorney general and solicitor general. ("Applications") (ECF Nos. 5, 9, 10, 12, 13, 18, 21–23, 27, and 32). A grant for admission *pro hac vice* is particular to an attorney — it does not confer blanket admission for an entire firm or office. *See e.g.*, Local Rule 83.9 ("*An attorney* . . . may represent a party in proceedings in this court only by permission of the presiding judge.") (emphasis added). That limitation acknowledged, the Court waives the requirements to proceed without local counsel and **GRANTS** the following Applications:

- Maria A. Lanahan for the Missouri Office of the Attorney General (ECF No. 5)
- Gabriel J. Krimm for the Tennessee Office of the Attorney General (ECF No. 9)
- Christian B. Corrigan for Montana Office of the Solicitor General (ECF No. 10)
- Stephen J. Petrany for the Georgia Department of Law (ECF No. 12)
- Lindsay S. See for the West Virginia Office of the Attorney General (ECF No. 13)
- David M.S. Dewhirst for the Idaho Office of the Attorney General (ECF No. 18)

- Thomas T. Hydrick for the South Carolina Office of the Attorney General (ECF No. 21)

- Benjamin J. Hofmeister for the Alaska State Department of Law (ECF No. 22)

- Jesse A. Burris for the Kansas Office of the Attorney General (ECF No. 23)

- Thomas M. Fisher for the Indiana Office of the Attorney General (ECF No. 27)

- Ryan T. Schelhaas for the Wyoming Office of the Attorney General (ECF No. 32)

Parties are again instructed that this Order does not serve as admission for any other attorney on behalf of, as representative, or in place of the named attorney, nor is any office admitted wholesale. Moreover, this Order is expressly an exception to — not an abandonment of — the local rules pertaining to local counsel. Parties represented by an attorney named above who have already retained local counsel are advised that they may release that counsel and proceed in accordance with this Order. Of course, Parties may nonetheless obtain local counsel pursuant to the local rules if so desired.

**SO ORDERED.**

February 23, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE