# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THE STATE OF UTAH,<br>By and through its Attorney General,<br>SEAN REYES, et al.,<br><br>               Plaintiffs,<br><br>               v.<br><br>MARTIN WALSH, SECRETARY OF<br>LABOR, and<br>UNITED STATES DEPARTMENT OF<br>LABOR,<br><br>               Defendants. | Case No. 2:23-cv-00016-Z |

**DECLARATION OF ALEX FAIRLY**

I, Alex Lee Fairly, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify the same.

2. I live in Amarillo, Texas and have done so for the past 35 years.

3. I am the owner of two companies: Occunet LLC and FairosRx LLC. Both companies are located in Amarillo, Texas.

4. I have over 30 years of experience in risk consulting, risk management, employee benefits and commercial insurance.

5. Occunet and FairosRx offer its employees a defined contribution 401(k) plan to attract quality employees and to assist those employees in achieving a financially secure retirement.

6. The plan is an ERISA retirement plan under 29 U.S.C. § 1002(7). The sponsor of the retirement plan is Occunet LLC, and FairosRx LLC is a related employer of the retirement plan.

7. The retirement plan is named the Occunet LLC 401(k) Plan. The plan is a defined contribution plan under 29 U.S.C. §§ 1002(2)(A) and 1002(34); 26 U.S.C. 414(i).

8. I rely on input from Occunet's Human Resources employees and the Chief Financial Officer when making decisions about the Occunet LLC 401(k) plan, but as the owner of the company, I am ultimately responsible for making the decisions about selecting the plan's trustee and other vendors and service providers.

9. Occunet incurs costs to manage the 401(k) plan, including selecting a plan administrator/fiduciary and other service providers to assist in managing the plan.

10. In addition to being the owner of the plan sponsor Occunet LLC, I am also a participant in the Occunet LLC 401(k) plan.

11. Amarillo National Bank is the trustee and investment manager of the retirement plan and John Hancock provides recordkeeping and custodian services for the plan. Occunet

relies on documentation and disclosures required by current regulations to assist with our supervision of the plan trustee and the selection of investment options for plan participants.

12. The plan offers several fund investment options using a John Hancock investment platform that allows plan participants to select one or more of the offered funds into which to allocate money for retirement. On information and belief, many of these funds are John Hancock branded funds, but many are funds offered by other investment advisors such as Vanguard, Invesco and T. Rowe Price. There is a mix of actively managed funds meaning that one or more investment managers select the investments in the fund, and passively managed funds that track a stock or bond market index.

13. I have allocated retirement money into two different John Hancock funds: the JH Multimanager Balanced LS fund and the JH Multimanager Aggressive LS fund. On information and belief both funds are actively managed funds.

14. On information and belief, I understand that the ERISA statute imposes fiduciary obligations on plan sponsors, plan administrators and investment managers of retirement plan assets.

15. On information and belief, I understand that the ERISA statute and regulations limit the discretion of plan fiduciaries and that they are required to act in the best interest of plan participants and beneficiaries. Occunet relies upon these limitations to ensure that the plan trustee is acting in the best interest of the plan participants, and I rely upon them as a plan participant to ensure that the plan trustee is acting in my best financial interest.

16. I am aware that the Department of Labor published a final Prudence and Loyalty in Selecting Plan Investments and Exercising Shareholder Rights rule that revised previous regulations. 87 F.R. 73822 (Dec. 1, 2022).

17. I believe that this revised rule permits ERISA plan fiduciaries more latitude than the previous regulations and it is likely to result in plan fiduciaries or investment managers considering Environmental, Social and Governance ("ESG") factors when making investment decisions or exercising shareholder rights related to ERISA plan assets.

18. I don't believe that ESG factors should be considered when making investment decisions or decisions exercising shareholder rights related to ERISA plan assets, and I believe that investing using ESG factors will result in diminished financial returns of retirement plan assets.

19. Because of the revised rule, I believe that I will need to spend more time and resources reviewing my ERISA plan investments and investment options to ensure that my retirement assets are not being invested according to ESG considerations, which I believe could jeopardize the financial security of my retirement assets.

20. This review will be more difficult because under the revised rule ERISA plan fiduciaries are not required to disclose when they considered ESG factors when making investment decisions or exercise shareholder rights of plan assets.

21. The revised rule also will now require Occuent to expend additional time and resources to perform additional monitoring of the plan trustee and key service providers like John Hancock to ensure that they are focusing on financial considerations and not on collateral ESG factors. This will likely will result in a higher cost to Occuent for managing its 401(k) plan.

22. Occunet will not be able to avoid this additional cost by changing trustees or plan administrators because all fiduciaries are subject to the revised rule.

23. It has been my experience performing employee benefits risk consulting that changes in laws and regulations typically result in businesses incurring additional expense to account for the changes in laws or regulations.

24. The revised rule does not define ESG factors and does not limit the time period over which investments should be considered. This makes the risk of using ESG factors in investing difficult to quantify and will make managing a 401(k) plan more complicated and potentially more expensive.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 24, 2023, in Amarillo, Texas.

_____
Alex Lee Fairly