**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

STATE OF UTAH, *et al.*,

    *Plaintiffs,*

v.

MARTIN J. WALSH and UNITED STATES
DEPARTMENT OF LABOR,

    *Defendants.*

No. 2:23-cv-00016-Z

**PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE**

Plaintiff Alex Fairly is an individual who resides in the Amarillo Division. That, by itself, defeats the Defendants' Motion to Transfer Venue, which hinges on their position that no plaintiff resides here.

Fairly had not joined the case when the Defendants filed their motion, which allowed them to skirt the real reason they want this case transferred: they doubt that the Court will determine this case fairly. They couch their doubt in terms of "public perceptions" of impartiality—but if reasonable members of the public believe the Court isn't impartial, that is a basis for a recusal, not a change in venue. If there is evidence to support such an accusation, the Defendants should have the courage of their convictions and move to recuse. If they don't, then their "public perception" concerns amount to nothing more than an accusation of forum shopping, for which the transfer factors already account.

And none of the Defendants' other arguments stands up. Federal courts are unanimous that, as a sovereign State, Texas by definition resides in every place within its borders. The Defendants barely attempt to carry their burden to establish that another venue is clearly more convenient, identifying not a single witness, piece of evidence, or cost that warrants moving this case to somewhere they prefer.

This case was properly brought here, and Defendants offer no evidence to support their assertion that it should be elsewhere. Defendant's motion to transfer should be denied.

1

## LEGAL STANDARDS

The general venue statute, 28 U.S.C. § 1391, includes subdivision (e), enacted in 1962 to govern venue in civil suits against "an officer or employee of the United States or any agency thereof . . . or an agency of the United States[.]" One of the permissible venues for such a suit is a district where a "plaintiff resides if no real property is involved in the action." *Id.*

If a plaintiff chooses an improper venue, the court can transfer the case to a proper one. 28 U.S.C. § 1406(a). If a lawsuit is filed in a proper venue, the court may, under some circumstances, transfer it to a district or division where it might have been brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The movant must show good cause for such a transfer by showing, based on eight factors, that its proposed venue is "clearly more convenient" than the one the plaintiff chose. *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008). If it doesn't meet that burden, the plaintiff's choice should be respected. *Id.*

## ARGUMENT

This case should remain here because this is a proper venue under 28 U.S.C. § 1391(e) and the Defendants did not demonstrate that another venue is clearly more convenient.

First, Amarillo is a proper venue. For one, a plaintiff, Alex Fairly, resides here, which is all that is required to establish venue under 28 U.S.C. § 1391(e). Further, contrary to Defendants' argument, Texas resides here. A sovereign State, by definition and common sense, resides in every place within its borders. Every court that has considered Defendants' argument that a state resides only in its capital city has rejected it. There is no reason for this Court to do differently.

Second, the Defendants did not establish that another district or division would clearly be more convenient for the parties and witnesses. Not a single one of the eight private or public interest factors the Court must consider supports transfer. In particular, there is no

reason to assuage the putative "public interest" Defendants conjure against "judge shopping." Any public interest in impartial consideration of cases is protected by statutes requiring recusal if a judge can reasonably be believed to be biased or prejudiced. The Defendants cannot back-door such an accusation by laundering Twitter posts, whispers, and partisan suppositions into a so-called "public interest" against filing cases in single-judge divisions.

The motion to transfer venue should be denied.

## I.   Venue is proper here because multiple plaintiffs reside here.

One of the proper venues for a case against the federal government is a district and division where any plaintiff resides. 28 U.S.C. § 1391(e)(1)(C). Plaintiff Alex Fairly lives in Amarillo, operates a business here, and serves as a fiduciary of an ERISA fund here, *see* ECF 47 ¶¶ 37, 61–62, so this is a proper venue.

Texas, being a sovereign State, resides here, too—just as it does at all points within its borders. The cases on this question are unanimous that a State is "ubiquitous throughout its sovereign borders" and therefore does not, contra the Defendants, reside solely in its capital city. *California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018). *See also Atlanta & F. Ry. Co. v. Western Ry. Co. of Alabama*, 50 F. 790, 791 (5th Cir. 1892); *Alabama v. Army Corps of Engineers*, 382 F. Supp. 2d 1301, 1328–29 (N.D. Ala. 2005); *Pennsylvania v. Trump*, 352 F. Supp. 3d 791, 808–09 (E.D. Pa. 2019), *revd. on other grounds sub nom. Little Sisters of the Poor v. Pennsylvania*, 140 S. Ct. 2367 (2020); *Florida v. United States*, No. 3:21-cv-1066, 2022 WL 2431443, *2 (N.D. Fla. Jan. 18, 2022). The proposition is so commonsensical and established that Wright & Miller flatly states, "Sometimes, cases to which Section 1391(e) applies are brought by states. A state is held to reside in any district within it." 14D Wright & Miller, *Federal Practice and Procedure* § 3815 (4th ed. 2022). Even if Fairly had not joined the case, this would be a proper venue.

**II.  Defendants did not show that another venue is clearly more convenient.**

Because this is a proper venue, the case may be transferred only if another venue is clearly more convenient for the parties and witnesses. None of the eight private and public interest factors on which convenience is judged favors transfer; at the very least, the Defendants have not established the contrary. The Plaintiffs' choice of this venue must therefore be deferred to, and the motion to transfer should be denied.

**A.  The private interest factors weigh against transfer.**

**1.  The sources of proof are relatively easy to access.**

This case is about the judicial review of the Defendants' largely undisputed actions; how those actions are inconsistent with federal law, including ERISA and the Administrative Procedure Act; and the appropriate remedies if the Defendants' actions are found unlawful. It isn't likely to involve extensive witness testimony or determinations of credibility. The parties will have ready and full access to the primary source of proof, the administrative record, no matter where this case is heard.

What the Court stated in denying a motion to transfer venue in the *Texas MPP* case is true here, too:

> [T]his case is about a nationwide policy with nationwide effect. Whether the agency action challenged in this case is lawful will not turn on facts and testimony found [in a particular place]. Rather, this case will turn on the administrative record . . . and the application of legal standards to agency action.

*Texas and Missouri v. Biden* (*Texas MPP*), No. 2:21-cv-00067, ECF 47 at 3–4 (N.D. Tex. June 3, 2021). Indeed, as it further noted, the "'record rule' normally dictates that "the grounds on which an administrative order must be judged are those upon which the record discloses that its action was based." 554 F. Supp. 3d 818, 847 (N.D. Tex. 2021). This principle substantially limits the extent of testimony and other evidence the parties can present in this case.

Non-record evidence here would likely concern the Plaintiffs' standing, their injuries, and the scope of relief they should be afforded—each a long-recognized exception to the record rule. *See, e.g., Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997); *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989). Those witnesses, however, are likely to be under the Plaintiffs' control—and, in Fairly's case, actually at home in Amarillo. The Defendants did not identify a single witness or piece of evidence that would be easier to access were this case transferred elsewhere. (They mention the administrative record is "located" in Washington, D.C., but don't explain why that matters for a document that will be electronically filed with the Court.) Indeed, if history is any guide, the Defendants are unlikely to identify or call witnesses at all. When the Court tried *Texas MPP* in 2021, the federal Defendants chose to call no witnesses. Nor did the federal Defendants call witnesses at the trial regarding the legality of the DHS "prioritization" policy in *Texas and Louisiana v. United States*, No. 6:21-cv-16 (S.D. Tex. 2022), last year. Their choice to identify no witnesses and no evidence in their motion to transfer here suggests that this case will be the same.

"Courts do not afford significant weight to general allegations that a particular forum would be more convenient for unspecified witnesses. . . . Instead, parties must specifically identify each witness and provide an overview of their testimony[.]" *McNew v. C.R. Bard, Inc.*, No. 1:19-cv-195, 2020 WL 759299, at *2 (N.D. Tex. 2020) (Hendrix, J.). The Defendants identified zero. On the other hand, a plaintiff who can testify about the injuries this rule will cause him lives in this division. This factor weighs against transfer.

### 2. There is no evidence that compulsory process will be necessary or that costs will affect the attendance of willing witnesses.

The Defendants identified no potential witnesses whose attendance they may need to secure. There is thus no evidence that they will need compulsory process to secure their attendance, nor is there evidence that costs will affect the attendance of witnesses for whom compulsory process is unnecessary. These factors are at worst neutral.

### 3.   There is no evidence relevant to the catchall factor.

The final private interest factor "is the catchall of all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). The Defendants identify none. Having tried both *Texas and Louisiana v. United States* and *Texas and Missouri v. Biden* in the last two years, they certainly would have done so if any existed. This factor is at worst neutral.

### B.   The public interest factors weigh against the proposed transfer.

### 1.   Court congestion isn't a concern.

This public interest factor strongly favors keeping this case here. Defendants raise no argument about court congestion, likely because there is no plausible claim that a transfer to the District of Columbia, to Austin, or to another division of the Court would avoid administrative difficulties flowing from court congestion.

Statistics from the Administrative Office of the U.S. Courts confirm that this division is likely to determine this case with more alacrity than either the Austin Division or the District Court for the District of Columbia. The median time from commencement of a civil suit to trial in the Northern District of Texas for the twelve months ending September 30, 2022, was 24.1 months. This compared to 28.9 months for the Western District of Texas (20% higher) and 49.9 months for the District of Columbia (107% higher). Admin. Off. of U.S. Courts, *Federal Court Management Statistics—Profiles* (Sep. 30, 2022) (available at http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2022/09/30-1).

More importantly, this bench of the Court has a record of prompt and efficient disposition of cases assigned to it. As of the most recent reporting date, it had no motions pending greater than six months and no cases pending longer than three years. The same cannot be said for the district courts in Austin, where the active judges average 12.5 three-year cases and 2 six-month motions—or those in the District of Columbia, where the averages are 21.4 three-year cases and 11.2 six-month motions. *See* Admin. Off. of U.S.

Courts, *Civil Justice Reform Act Report,* Tables 7 & 8 (Mar. 31 2022).[1] Finally, the history of *Texas MPP* makes the efficiency and expedition of this bench of this Court undeniable. Accordingly, this factor weighs strongly against any requested transfer.

**2.    This case presents a local issue to the Amarillo Division that is appropriate to decide here.**

This factor asks whether there is "a relevant factual connection between the events and the venue" and "those actually affected—directly or indirectly—by the controversies and events giving rise to a case." *Volkswagen II*, 545 F.3d at 318; *LeBlanc v. C.R. Eng., Inc.*, 961 F. Supp. 2d 819, 832–33 (N.D. Tex. 2013). Because this case focuses on a federal policy with nationwide effects, it is not tied closely to any one district or division.

But that does not mean the dispute is removed from Amarillo. The Defendants' unlawful adoption of the challenged rule directly affects the Northern District generally and the Amarillo Division in particular. One of the plaintiffs lives here. This district and division include large numbers of retirees and working participants in retirement plans who will be harmed if investment advisers are no longer constrained by the fiduciary standards of ERISA. Those standards have long required that funds be managed solely for the "exclusive purpose" of maximizing investment return for the beneficiaries but under the 2022 Rule, investment managers could *also* pursue environmental and social goals of the federal government or of the investment managers. This "renders 'less solid'" the benefits to those participants in the Northern District and this division and increases the risk those participants face—subjects them to an injury-in-fact that they will suffer in this district and division. *See* ECF 47 ¶¶ 58–59, 62 (citing *Johnson v. Allsteel, Inc.*, 259 F.3d 885, 888 (7th Cir. 2000) and 13 Wright & Miller § 3531.4).

Moreover, the Northern District and the Amarillo Division are home to large numbers of companies and individuals engaged in the oil and gas industry; the ranching and cattle

---

[1]    Removing Judge Kollar-Kotelly, who oversees more than one multidistrict-litigation matter, from the calculation changes those numbers to 16.6 cases and 11.1 motions.

feeding industry; the agricultural, fertilizer, and pesticide industries; the chemicals industry and many other fully lawful pursuits that are viewed less favorably for investment by "ESG" funds and investment managers. The current and future livelihoods of these companies and individuals depend on continuing access to investment capital. Yet the challenged rule will reduce the availability and increase the cost of that investment capital, to the detriment of the people of this division whose jobs and futures depend on it.

The Amarillo Division will likely be more adversely affected by the Defendants' unlawful actions than many other areas of the United States. Both the direct and indirect effects will cause measurable injury here. The people of this division have an interest in having the matter resolved in this division that is, at the very least, no less tangible than any other venue the Defendants have proposed. At worst, this factor is neutral.

### 3.   The Court is familiar with the governing law.

The Defendants do not assert that the federal judges in Austin or the District of Columbia have greater familiarity with the governing law than does the Court. The applicable law will overwhelmingly be ERISA and the APA. Every federal district judge is presumed to be familiar with and equally capable of interpreting federal law. *See, e.g.*, *Mateos v. Montemayor*, 919 F. Supp. 2d 817, 825 (W.D. Tex. 2013); *Hidden Values, Inc. v. Sandoval*, No. 3:09-cv-34, 2009 WL 10677477, at *6 (N.D. Tex. June 26, 2009). Further, *Texas MPP* makes it clear that the Court has recent, deep familiarity with many of the legal issues under the APA that will be presented in this case. This factor weighs against transfer.

### 4.   There are no conflict-of-law problems.

Federal law governs this case. No one suggests otherwise. This factor is neutral.

\* \* \*

The private interest factors and public interest factors are all either are neutral or weigh against any transfer of this case. The motion should be denied

8

### III.  Defendants' attempt to shop for a different judge must be rejected.

If Defendants believe this Court is biased or prejudiced against them or cannot be impartial in this case, they should move to recuse. They should not attempt to smuggle such an accusation through the device of a § 1404(a) motion, which "was not designed to narrow the plaintiff's venue privilege," but to "counteract the inconveniences that flowed from the venue statutes by permitting transfer to a convenient federal court." *Van Dusen v. Barrack*, 376 U.S. 612, 635 (1964).

The Defendants claim that it is in "the interest of justice" to transfer this case because not doing so would harm the public interest in the fair administration of justice. They do not suggest that the Court is biased against them or has prejudged the case. Indeed, the Department of Justice admitted at a recent hearing on a similar motion to transfer, there is no question that justice will be administered fairly—that is, that the public interest will be satisfied. Rather, "[i]t's really a perception issue," and the perception is not "about any of the judicial officers', who get these cases, reputations. . . ." Exh. A, Mot. Hrg. Tr. 34:2–3, 38:21–24, *Texas v. U.S. Dept. of Homeland Security*, No. 6:23-cv-7 (S.D. Tex. Feb. 21, 2023). The Defendants' transfer attempts are "about how [the federal government] think[s] the State . . . are conducting themselves and how that is being perceived at large. . . ." *Id.* 41:15–17. In short, their putative concern is not the public's perception of unfairly administered justice, their "perception issue is: Why is Texas doing this?" *Id.* 77:13–14.

The Defendants' concern, in other words, is forum shopping. But "forum shopping" arguments have "no real relation to the interest of justice analysis unless [an] alternative motion," such as for recusal, "has merit"—and such a motion is meritless if the defendants "do[] not alleg[e] that the assigned presiding judge is biased in favor of the Plaintiffs[.]" *James v. Experian Info. Sols., Inc.*, No. 3:12-cv-902, 2014 WL 29041, at *5 (E.D. Va. Jan. 2, 2014). That is because forum-shopping concerns, particularly in the Fifth Circuit, are already rolled into the  transfer analysis already by giving the plaintiff's choice of forum no weight of its own and simply holding the defendant to § 1404's burden to show "good

cause" for transferring the case—that is, by requiring the defendant to show that another permissible venue is clearly more convenient. *Volkswagen II*, 545 F.3d at 315 (quoting *Humble Oil & Refining Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963)). *See also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (under Fifth Circuit precedent, "plaintiff's choice of venue corresponds to the burden that a moving party must meet" under § 1404).

It is not for the Defendants, part of the Executive Branch, to upset the venue amendments Congress passed expressly to give plaintiffs ability to challenge Executive Branch actions in courts all over the nation—not only in the District of Columbia, where venue had been almost mandatory. *Cf. Minn-Dak Farmers Co-op. v. Espy*, 851 F. Supp. 1423, 1425 (D.N.D. 1994) (requiring "each and every plaintiff with a cause of action against a governmental officer located in Washington, D.C. to travel to that city to plead his or her case . . . would exalt the federal officer or employee above the citizens he is bound to serve"). Nor is it for them to upset the authority Congress delegated to each district court's chief judge to "divide the business and assign the cases" if the "court [has] more than one judge." 28 U.S.C. § 137(a).

The Chief Judge of the Northern District of Texas has assigned 100% of the cases filed in the Amarillo Division to this bench of the Court. Such orders, and single-judge divisions themselves, are not unusual; indeed, single-judge districts long were the norm.[2] There was and is nothing sinister, harmful, or contrary to the "public interest" about single-judge divisions then, and there is nothing with them—or filing or maintaining this suit in one of them—now.

---

[2]    "The Judiciary Act of 1789 provided for a single district court judge in each state. . . ." Erwin C. Surrency, *Federal District Court Judges and the History of Their Courts*, 40 F.R.D. 139, 150 (1967). Each of Texas's federal district initially had a single judge. *Id.* at 286–88.

## Conclusion

The Plaintiffs respectfully request that the motion to transfer venue be denied.

Dated February 28, 2023.

/s/ Leif A. Olson
KEN PAXTON
Attorney General
AARON REITZ
Texas Bar No. 24105704
Deputy Attorney General for Legal Strategy
LEIF A. OLSON
Chief, Special Litigation Division
Texas Bar No. 24032801

Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548
aaron.reitz@oag.texas.gov
leif.olson@oag.texas.gov

*Counsel for Plaintiff State of Texas*

Respectfully submitted,

/s/ Melissa Holyoak
SEAN REYES
Attorney General
MELISSA HOLYOAK
Solicitor General

Utah Attorney General's Office
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
melissaholyoak@agutah.gov

BRUNN (BEAU) ROYSDEN*
Fusion Law, PLLC
7600 N. 15th St., Suite 150
Phoenix, AZ 85020
(602) 315-7545
beau@fusion.law

JOHN SULLIVAN, Of Counsel
Texas Bar Number: 24083920
610 Uptown Boulevard, Suite 2000
Cedar Hill, Texas 75104
(469) 523–1351
john.sullivan@the-sl-lawfirm.com

*Counsel for Plaintiff State of Utah*

*/s/ Jonathan Berry*
C. BOYDEN GRAY
JONATHAN BERRY
R. TRENT MCCOTTER
MICHAEL BUSCHBACHER
JARED M. KELSON

Boyden Gray & Associates
801 17th Street NW, Ste. 350
Washington, DC 20006
(202) 955-0620
berry@boydengrayassociates.com
kelson@boydengrayassociates.com

*Counsel for Plaintiffs Liberty Energy Inc.,
Liberty Oilfield Services LLC, and Western
Energy Alliance*

*/s/ Anna St. John*
ANNA ST. JOHN
Hamilton Lincoln Law Institute
1629 K Street NW, Suite 300
Washington, DC 20006
(917) 327-2392
anna.stjohn@hlli.org

NEVILLE HEDLEY*
Hamilton Lincoln Law Institute
1440 W. Taylor Street, #1487
Chicago, IL 60607
(312) 342-6008
ned.hedley@hlli.org

*Counsel for Plaintiffs James R. Copland and
Alex L. Fairly*

*/s/ Andrew Ferguson*
JASON MIYARES
Attorney General
ANDREW N. FERGUSON*
Solicitor General
KEVIN M. GALLAGHER*
Deputy Solicitor General

Virginia Attorney General's Office
202 North 9th Street
Richmond, VA 23219
(804) 786-2071
aferguson@oag.state.va.us
kgallagher@oag.state.va.us

*Counsel for Plaintiff Commonwealth of
Virginia*

*/s/ Joseph S. St. John*
JEFF LANDRY
Attorney General
ELIZABETH B. MURRILL
Solicitor General
JOSEPH S. ST. JOHN
Deputy Solicitor General
TRACY SHORT
Assistant Attorney General

Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
shortt@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

STEVE MARSHALL
Attorney General
EDMUND LACOUR
Solicitor General

Alabama Attorney General's Office
501 Washington Ave.
Montgomery, AL 36014
(334) 353-2196
edmund.lacour@alabamaag.gov

*Counsel for Plaintiff State of Alabama*

TIM GRIFFIN
Attorney General
NICHOLAS J. BRONNI*
Solicitor General

Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-2007
Nicholas.Bronni@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

CHRISTOPHER M. CARR
Attorney General
STEPHEN J. PETRANY
Solicitor General

Georgia Department of Law
40 Capitol Square, SW
Atlanta, GA 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for Plaintiff State of Georgia*

TREG TAYLOR
Attorney General
JEFFREY G. PICKETT
Senior Assistant Attorney General
BENJAMIN HOFMEISTER
Assistant Attorney General

Alaska Department of Law
123 4th Street
Juneau, AK 99801
(907) 269-5275
jeff.pickett@alaska.gov
ben.hofmeister@alaska.gov

*Counsel for Plaintiff State of Alaska*

ASHLEY MOODY
Attorney General
JOSEPH E. HART
Assistant Attorney General of Legal Policy

Florida Attorney General's Office
The Capitol, Pl-01
Tallahassee, FL 32399-1050
Phone: (850) 414-3300
joseph.hart@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

RAÚL R. LABRADOR
Attorney General
DAVID M.S. DEWHIRST
Chief Deputy Attorney General

Idaho Attorney General's Office
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, ID 83720-0010
(208) 334-2400
david.dewhirst@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

THEODORE E. ROKITA
Attorney General
THOMAS M. FISHER
Solicitor General

Indiana Attorney General's Office
IGC South, Fifth Floor
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-6255
tom.fisher@atg.in.gov

*Counsel for Plaintiff State of Indiana*

KRIS KOBACH
Attorney General
JESSE A. BURRIS
Assistant Attorney General

Kansas Attorney General's Office
120 SW 10th Ave, 2nd Floor
Topeka, KS 66612
(785) 368-8197
jesse.burris@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

LYNN FITCH
Attorney General
JUSTIN L. MATHENY
Deputy Solicitor General

Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205-0220
(601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

BRENNA BIRD
Attorney General
ERIC H. WESSAN*
Solicitor General

Iowa Attorney General's Office
1305 E. Walnut Street
Des Moines, IA 50319
(515) 281-5164
eric.wessan@ag.iowa.gov.

*Counsel for Plaintiff State of Iowa*

DANIEL CAMERON
Attorney General
LINDSEY KEISER*
Assistant Attorney General

Kentucky Attorney General's Office
700 Capital Avenue, Suite 118
Frankfort, KY
Tel: (502) 696-5478
lindsey.keiser@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

ANDREW BAILEY
Attorney General
JOSHUA M. DIVINE
Solicitor General
MARIA A. LANAHAN
Deputy Solicitor General

Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-3321
josh.divine@ago.mo.gov
maria.lanahan@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

14

AUSTIN KNUDSEN
Attorney General
CHRISTIAN B. CORRIGAN
Solicitor General

Montana Department of Justice
215 N Sanders St.
Helena, MT 59601
(406) 444-2707
Christian.Corrigan@mt.gov

*Counsel for Plaintiff State of Montana*

JOHN FORMELLA
Attorney General
MARK W. DELL'ORFANO
Attorney

New Hampshire Department of Justice
33 Capitol Street
Concord, NH 03301
anthony.j.galdieri@doj.nh.gov
(603) 271-1214

*Counsel for Plaintiff State of New Hampshire*

DAVE YOST
Attorney General
BENJAMIN FLOWERS
Solicitor General

Ohio Attorney General's office
30 E. Broad St., 17th Fl.
Columbus, OH 43215
(614) 728-7511
benjamin.flowers@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

MICHAEL T. HILGERS
Attorney General
ERIC J. HAMILTON
Deputy Solicitor General

Nebraska Attorney General's Office
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
eric.hamilton@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

DREW H. WRIGLEY
Attorney General
COURTNEY TITUS*
Deputy Solicitor General

North Dakota Attorney General's Office
600 E Boulevard Avenue, Dept. 125
Bismarck, ND 58505
(701) 328-3644
ctitus@nd.gov

*Counsel for Plaintiff State of North Dakota*

GENTNER F. DRUMMOND
Attorney General
GARRY M. GASKINS, II
Solicitor General
ZACH WEST
Director of Special Litigation

Oklahoma Attorney General's Office
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
gary.gaskins@oag.ok.gov
zach.west@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

15

ALAN WILSON
Attorney General
THOMAS T. HYDRICK
Assistant Deputy Solicitor General

South Carolina Attorney General's Office
Post Office Box 11549
Columbia, SC 29211
(803) 734-4127
thomashydrick@scag.gov

*Counsel for Plaintiff State of South Carolina*

PATRICK MORRISEY
Attorney General
LINDSAY S. SEE
Solicitor General
MICHAEL R. WILLIAMS*
Senior Deputy Solicitor General

West Virginia Attorney General's Office
State Capitol Complex, Bldg. 1, Rm E-26
1900 Kanawha Blvd. E
Charleston, WV 25305
(681) 313-4550
lindsay.s.see@wvago.gov
michael.r.williams@wvago.gov

*Counsel for Plaintiff State of West Virginia*

JONATHAN SKRMETTI
Attorney General and Reporter
GABRIEL KRIMM
Assistant Solicitor General

Office of the Attorney General and Reporter
of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-3491
gabriel.kirmm@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

BRIDGET HILL
Attorney General
RYAN SCHELHAAS
Chief Deputy Attorney General

Office of the Wyoming Attorney General
200 W. 24th Street
Cheyenne, WY 82002
(307) 777-7841
ryan.schelhaas@wyo.gov

*Counsel for Plaintiff State of Wyoming*

*\*motion for admission pro hac vice
forthcoming or pending*

In association with local counsel:

F. Scott Flow
FLOW LAW FIRM, PLLC
800 SW 9th Avenue
Amarillo, Texas 79101-3206
(806) 372-2010
fsflow@flowlaw.com

*Co-Counsel for Plaintiffs other than Texas & Tennessee*

### CERTIFICATE OF SERVICE

On February 28, 2023, this document was filed through the Court's CM/ECF system, which serves it on all counsel of record.

/s/ *Leif A. Olson*