IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 28 2023

CLERK, U.S. DISTRICT COURT
By_____ Deputy

STATE OF UTAH, *et al.*,

    Plaintiffs,

v.

MARTIN J. WALSH, SECRETARY OF
LABOR, *et al.*,

    Defendants.

2:23-CV-016-Z

## OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer Venue ("Motion") (ECF No. 15), filed on February 7, 2023. Having considered the Motion, briefing, and applicable law, the Court **DENIES** the Motion.

### BACKGROUND

Plaintiffs are 26 States and several other interested parties. Plaintiffs sued the Department of Labor ("DOL") and the Secretary of Labor in his official capacity. This lawsuit challenges the "Investment Duties Rule" which clarifies the duties of fiduciaries to Employment Retirement Income Security Act of 1974 ("ERISA") employee benefit plans concerning the selection of investments and investment courses of action. *See* ECF No. 1 at 2; 87 Fed. Reg. at 73885. The Investment Duties Rule is alleged to violate the Administrative Procedure Act ("APA") because it exceeds DOL's statutory authority under ERISA and is arbitrary and capricious. ECF No. 1 at 36–40. Plaintiffs assert venue is proper in this Division because "Plaintiff State of Texas is a resident of this judicial district." *Id.* at 6. Defendants ask the Court to transfer this case under 28 U.S.C. §§ 1406 or 1404 to the U.S. District Court for the District of Columbia or another District in which one of Plaintiffs resides. ECF No. 15 at 10. After the instant Motion was filed,

Plaintiffs amended their complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(A). *See* ECF No. 47. The amended complaint added Plaintiffs State of Oklahoma and Alex L. Fairly. *See* ECF No. 48. The amended complaint notes "Plaintiff Alex L. Fairly lives in Amarillo, Texas, and has done so for the past 35 years." ECF No. 47 at 5.

### LEGAL STANDARD

"The trial court is entitled to broad discretion in ruling on motions to transfer venue, and its decision will be upheld absent an abuse of discretion." *United States v. Asibor*, 109 F.3d 1023, 1037 (5th Cir. 1997) (internal marks omitted); *see also In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022) (the standard for reversal "is high"). "When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008). "Congress, however, has tempered the effects of this general venue statute by enacting the venue transfer statute, 28 U.S.C. § 1404." *Id.* "Thus, while a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *Id.*

District courts may dismiss or transfer a case when a case is filed in the *wrong* division. *See* 28 U.S.C. § 1406(a). But if venue is proper, Section 1404 controls. The preliminary question is whether "a civil action might have been brought" in the destination venue. 28 U.S.C. § 1404(a). Next, a party seeking a transfer must show "good cause" by "clearly demonstrat[ing] that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315 (quoting Section 1404(a)). "When the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* "Assuming that jurisdiction exists and venue is proper, the fact that litigating would be more

2

convenient for the defendant elsewhere is not enough to justify transfer." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022); *see also In re Planned Parenthood*, 52 F.4th at 629 ("Of course, whenever a defendant is haled into court, some inconvenience is expected and acceptable.") (internal marks omitted). "In other words, the standard is not met by showing one forum is more likely than not to be more convenient, but instead the party must adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Id.*

Courts are required to assess four private interest factors and four public interest factors pertinent to a transfer motion:

### 1. The relative ease of access to sources of proof

The first private interest factor to consider is the relative ease of access to sources of proof. *Volkswagen II*, 545 F.3d at 315. "Where important documents are in both venues, this factor does not weigh in favor of transfer." *Crestview Farms, L.L.C. v. Cambiaso*, 2021 WL 2434845, at *7 (N.D. Tex. June 15, 2021) (internal marks omitted). "The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood*, 52 F.4th at 630 (internal marks omitted).

### 2. The availability of compulsory process to secure the attendance of witnesses

"A venue that has absolute subpoena power for both deposition and trial is favored over one that does not." *Word to Info, Inc. v. Facebook, Inc.*, 2015 WL 13870507, at *3 (N.D. Tex. July 23, 2015) (internal marks omitted). But the Court "gives more weight to specifically identified witnesses, and less weight to vague assertions that witnesses are likely to be found in a particular forum." *Id.* (internal marks omitted). And when no party has alleged or shown any witness's unwillingness to testify, "courts generally find that the compulsory process factor should be given

3

little weight." *All. Transp. Logistics, LLC v. G&J Truck Sales, Inc.,* 2021 WL 5882820, at *3 (N.D.

Tex. Dec. 13, 2021) (collecting cases); *see also In re Planned Parenthood,* 52 F.4th at 630–31.

### 3. The cost of attendance for willing witnesses

The third private-interest factor examines the cost of attendance for willing witnesses and

is "probably the single most important factor in the transfer analysis." *Qualls v. Prewett Enter.*

*Inc.*, 2022 WL 889034, at *6 (S.D. Tex. Mar. 25, 2022) (internal marks omitted). "In considering

the convenience of witnesses, however, the relative convenience to key witnesses and key non-

party witnesses is accorded greater weight than the convenience to less important witnesses." *Id.*

(internal marks omitted). "Courts do not afford significant weight to general allegations that a

particular forum would be more convenient for unspecified witnesses." *McNew v. C.R. Bard, Inc.*,

No. 1:19-CV-195, 2020 WL 759299, at *2 (N.D. Tex. 2020).

### 4. Other practical problems that make trial of a case easy, expeditious and inexpensive

The final private interest factor considers "all other practical problems that make trial of a

case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315.

### 5. The administrative difficulties flowing from court congestion

This factor concerns "whether there is an appreciable difference in docket congestion

between the two forums." *InfoGation Corp. v. Google LLC*, 2021 WL 5547070, at *5 (W.D. Tex.

Apr. 29, 2021) (quoting *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73, 84 (1963)).

To the extent docket efficiency can be reliably estimated, the district court is in the best position

to do so. *See In re Planned Parenthood*, 52 F.4th at 631.

### 6. The local interest in having localized interests decided at home

The local interest in having localized interests decided at home favors transfer if "the events

giving rise to this action occurred in [the transferee district/division]." *Volkswagen II*, 545 F.3d at

315. "This factor is based on the premise that jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Roco v. Am. Airlines, Inc.*, 2022 WL 658566, at *4 (N.D. Tex. Mar. 4, 2022) (internal marks omitted).

7. <u>The familiarity of the forum with the law that will govern the case</u>

"[I]n federal court, familiarity with the governing law is generally given little weight when considering transfer of venue." *Crestview Farms*, 2021 WL 2434845, at *9 (internal marks omitted). "[T]his factor more commonly applies where the destination venue is in a different State — in which case that State's familiarity with the applicable law would be especially probative to the transfer analysis." *In re Planned Parenthood*, 52 F.4th at 632 n.5.

8. <u>Avoidance of conflict of laws problems or application of foreign law</u>

Finally, transfer is favored where it would avoid "unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (internal marks omitted).

\* \* \*

In weighing these eight factors, no one consideration "can be said to be of dispositive weight." *In re Planned Parenthood*, 52 F.4th at 630 (internal marks omitted). And the Fifth Circuit has "never framed the transfer analysis as focusing exclusively on either the destination *district* or destination *division.*" *Id.* at 631 n.4 (emphasis in original).

**ANALYSIS**

**A. Venue is Proper in the Northern District of Texas**

Where the defendant is an officer or employee of the United States, a civil action may generally be brought in any judicial district where "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1)(C). Defendants argue that "no Plaintiff resides in this District or Division." ECF No. 15 at 11. But Plaintiff Alex Fairly resides in Amarillo, Texas.

5

ECF No. 47 at 5. And contrary to Defendants' argument, Texas resides everywhere in Texas. *See California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018) ("A state is ubiquitous throughout its sovereign borders."); *Atlanta & F. Ry. Co. v. Western Ry. Co. of Ala.*, 50 F. 790, 791 (5th Cir. 1892); *Texas v. U.S. Dep't of Homeland Sec.*, No. 6:23-CV-00007, 2023 WL 2457480, at *3 (S.D. Tex. Mar. 10, 2023) ("Texas resides at every point within the boundaries of this State, including the Victoria Division."); *Florida v. United States*, No. 3:21-CV-1066, 2022 WL 2431443, *2 (N.D. Fla. Jan. 18, 2022); *Pennsylvania v. Trump*, 351 F. Supp. 3d 791, 808–09 (E.D. Pa. 2019), *rev'd on other grounds sub nom. Little Sisters of the Poor v. Pennsylvania*, 140 S. Ct. 2367 (2020); *Alabama v. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1328–29 (N.D. Ala. 2005) ("[C]ommon sense dictates that a state resides throughout its sovereign borders"); *see also* 14D Wright & Miller, FED. PRAC. AND PROC. JURIS. § 3815 (4th ed. 2022) ("A state is held to reside in any district within it."); STATE PLAYS, 66th Leg., R.S., ch. 310, section 1(2), Tex. Gen. Laws 711 (finding TEXAS "at the Palo Duro Canyon State Park" — located within this Division). "Any other interpretation limiting residency to a single district in the state would defy common sense." *Azar*, 911 F.3d at 570. For that reason, venue would be proper even if Fairly had not joined the case.

### B. This Action Could Have Been Brought in the District of Columbia

Plaintiffs do not deny that this action could have been brought in the District of Columbia. However, Defendants must also show "good cause" by "clearly demonstrat[ing] that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315 (quoting Section 1404(a)). Defendants fall well short of meeting this burden.

### C. The Private Interest Factors Do Not Support Transfer

Defendants' sole justification for *all four* private interest factors militating in favor of transfer is that the challenged policy "was conceived and promulgated in Washington, D.C., and

6

the administrative record — upon which this APA case will be decided — is also located there." ECF No. 15 at 17. But Defendants have not identified any witnesses or physical evidence located outside this District. Nor have Defendants identified any specific witnesses who are unwilling to testify or any other practical problems. And considering all the parties involved, the Court doubts the costs of attendance in the Amarillo Division weighs in favor of transfer when compared to Washington, D.C. *See Homeland Sec.*, 2023 WL 2457480 at *5 ("Victoria is considerably less expensive to visit than Austin and Washington, D.C. for many reasons."); *Barton v. C. R. Bard, Inc.*, No. 2:19-CV-181-Z, 2020 WL 1809702, at *4 (N.D. Tex. Apr. 9, 2020) (in Amarillo, "72-ounce steak dinners are *free*"). Accordingly, the private interest factors do not weigh in favor of transfer.

### D. The Public Interest Factors Do Not Support Transfer

The public interest factors also do not support transfer. Defendants have not attempted to identify any appreciable difference in docket congestion between the two forums. And as Plaintiffs note, "the Court has a record of prompt and efficient disposition of cases assigned to it." ECF No. 55 at 6. Defendants' argument that there are no localized interests in this District relies on the notion that Texas does not reside in the Northern District of Texas. ECF No 15 at 17–18. But Texas *does* reside in this District, and so does Fairly. Additionally, Plaintiff Liberty Oilfield Services LLC is a Texas company. ECF No. 47 at 5. And Plaintiffs assert this District and Division "include large numbers of retirees and working participants in retirement plans who will be harmed if investment advisers are no longer constrained by the fiduciary standards of ERISA." ECF No. 55 at 7. Where parties "are located across the state and across the country," this is not the sort of "localized case" where the citizens of Washington, D.C. have a greater "stake" in the litigation than the residents of Amarillo. *In re Planned Parenthood*, 52 F.4th at 632; *see also Homeland Sec.*,

7

2023 WL 2457480 at *6 (because "the claims in this case are tried to the Court, not a jury," there will be "no burden on any potential jury"). The same laws would be applied in both venues and both venues are equally familiar with applying federal law. *See Hidden Values, Inc. v. Sandoval*, No. 3:09-CV-0034-B, 2009 WL 10677477, at *6 (N.D. Tex. June 26, 2009). Finally, there are no conflict of laws problems or applications of foreign law relevant to this case. Therefore, none of the public interest factors weigh in favor of transfer.

### E. No Other Factors Support Transfer

The Motion relies heavily on Defendants' argument that Plaintiffs' choice to file here "contributes to the perception that different forms of justice would be available to litigants, depending upon the division in which a suit was filed." ECF No. 15 at 22 (internal marks omitted); *see also Homeland Sec.*, 2023 WL 2457480 at *6 (S.D. Tex. Mar. 10, 2023) ("Truth be told, this is the primary focus of the Motion in general."). Defendants accuse Plaintiffs of "judge-shopping" and contend the practice "undermines public confidence in the judicial system, rewards gamesmanship, and overworks certain members of the judiciary at the expense of the random-assignment system functioning as intended." *Id.* at 22–23. Defendants identify Section 1404(a)'s reference to transfers "in the interest of justice" as a factor that may be decisive "even when the other statutory factors of convenience of the parties and witnesses point in a different direction." *Id.* at 21 (quoting Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3854 (4th ed. 2022)). For at least two reasons, the Court need not engage in judicial policymaking to address this concern.

First, Defendants aver that it is Plaintiffs' burden to "contend with their pattern of filing cases in single-judge divisions." ECF No. 67 at 2 (citing *Cerda v. Almanza Villarreal Forwarding, LLC*, No. 5:22-cv-43, 2022 WL 7376188, at *1 (S.D. Tex. Oct. 3, 2022); *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011)). As these cases explain, it is only Plaintiffs' burden

to establish venue is *proper*. *See Cerda*, 2022 WL 7376188 at \*1 ("Once a defendant challenges venue, the burden of proof is on the plaintiff to establish that venue is proper in the district."). But Plaintiffs *have* established venue is proper by showing two plaintiffs reside in this District under Section 1391(e)(1)(C). Similarly, Defendants fault Plaintiffs because they "do not point to any other public or private factor that indicates that Amarillo is a 'clearly more convenient' forum." ECF No. 67 at 7 (quoting *Volkswagen II*, 545 F.3d at 315). Because venue is proper in the Amarillo Division, it is *Defendants*' burden to show the transferee venue is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315. Otherwise, "the plaintiff's choice should be respected." *Id.* Defendants come nowhere close to making this showing.

Second, the "interest of justice" analysis referenced in Section 1404(a) is already encompassed in the public interest factors that courts consider under existing precedent. *See, e.g.*, *In re Morgan Stanley*, 417 Fed. Appx. 947, 949 (Fed. Cir. 2011) ("Factors considered under an interest of justice analysis have traditionally included where the litigant is more likely to receive a speedy trial, consolidation of related litigation, and the ability to have a federal judge try a case who is more familiar with the applicable state law at issue in diversity actions."); *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) ("The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor or potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy."); *Terra Intern., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997) (the "interest of justice" considerations parallel the factors that courts typically analyze under Section 1404(a)).

9

Contrary to Defendants' argument, Plaintiffs' cited authority only confirms this reading. *See* ECF No. 67 at 6 (citing *James v. Experian Info. Sols., Inc.*, No. 3:12-CV-902, 2014 WL 29041, at *5 (E.D. Va. Jan. 2, 2014)). In *James*, the court found the movant's argument that the plaintiffs' counsel had "engaged in forum shopping" had "no real relation to the interest of justice analysis." 2014 WL 29041 at *5. Like here, the court found the movant had otherwise "not addressed the pertinent factors respecting the public interest analysis," and denied the motion. *Id.* "Nor [was] there any legal support for reassigning a case because a number of Plaintiffs counsel's cases in a particular subject area have been assigned to a particular judge." *Id.* The court did contemplate that "some manipulation of the assignment process" could be pertinent. *Id.* at *6. But Defendants do not explain how simply filing cases in a District where venue is proper and then prosecuting the case can be considered "manipulation of the assignment process."

Similarly, Defendants note that the Fifth Circuit permits intra-district case transfers to prevent judge-shopping. ECF No. 15 at 19 (citing *Garcia v. Int'l Constr. Equip., Inc.*, 765 Fed. Appx. 109, 110 (5th Cir. 2019)). But in both *Garcia* and the case on which it relied, the Fifth Circuit spoke in the context of a plaintiff filing a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and then *re-filing* "for the sole purpose of drawing a judge it views as more favorable." *See Garcia*, 765 Fed. Appx. at 110; *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 Fed. Appx. 714, 716 (5th Cir. 2006). In that context, district courts may transfer the case back to the original judge. *See id.* Defendants' other cited authority highlights and disapproves of similar tactics. *See Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 71–73 (D.P.R. 2004) (collecting cases). But this or any other "manipulation of the assignment process" has not happened here.

It is true the eight private and public interest factors "are not necessarily exhaustive or exclusive." *In re Planned Parenthood*, 52 F.4th at 630 (internal marks omitted). For example, courts have considered a party's delay in denying a motion to transfer. *See id.* at 631 (affirming denial where no factors weighed in favor of transfer and defendants waited seven months to seek transfer — "after the district court denied their motion to dismiss and motion for reconsideration"). But here, Defendants made only minimal attempts to show good cause to transfer under the identified factors. And the Court has found that none of those factors weigh in favor of transfer. Thus, Defendants cannot show good cause by arguing transfer is warranted under a non-enumerated *ninth* factor: an amicus brief filed by a professor with a Twitter account. ECF No. 15 at 22.[1]

For these reasons, the Court need not weigh in on the merits of Defendants' judge-shopping argument or create new law to address it. Defendants fail to cite a single case that granted transfer under Section 1404 based on this argument. Defendants also fail to cite any authority demonstrating the analysis differs when a case is filed in a single-judge division.[2] Section 1404 does not require the Court to guess as to Plaintiffs' subjective motivations for choosing the forum. *See McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir. 1983) ("The motive of the suitor in making this choice is ordinarily of no moment: a court may be selected because its docket moves rapidly, its discovery procedures are liberal, its jurors are generous, the rules of law applied

---

[1] Parenthetically, and mercifully, the great Charles Alan Wright endured the "publish or perish" pressure as a tenured professor — but did not live long enough to endure the "tweet and repeat" indignity of the Twittersphere.

[2] Single-judge divisions were long the norm in this Nation's history. *See* Erwin C. Surrency, *Federal District Court Judges and the History of Their Courts*, 40 F.R.D. 139, 150 (1967) ("The Judiciary Act of 1789 provided for a single district court judge in each state-a total of thirteen district judges. When Rhode Island and North Carolina accepted the Constitution, these states were similarly organized, which established the pattern followed after that date. New states, as admitted to the Union, were organized into single districts with a single judge, regardless of the size of the district.").

are more favorable, or the judge who presides in that forum is thought more likely to rule in the litigant's favor."). The Court is not required to draw a line as to how many cases filed by a party are "too many." For that matter, Defendants offer no guidance as to where that line should be drawn or what should happen once that line is crossed. Presumably, Defendants do not ask this Court to effectively ban Plaintiffs from ever filing in the Amarillo Division again. But when should their next case in the Amarillo Division survive a motion to transfer? Defendants do not explain. And where Defendants recognize "the fairness and impartiality of this Court," how should the Court consider what the public's perception is as to Plaintiffs' choice of properly filing cases in the Amarillo Division? ECF No. 67 at 4. Apparently, the answer is to take Defendants' word for it. "To say that this [public perception] is speculative is to say the least." *Homeland Sec.*, 2023 WL 2457480 at *7. "And it is woefully insufficient to justify transferring this case." *Id.*; *see also id.* at *8 ("[F]iling this Motion exacerbates the very public perception about single-judge divisions that [Defendants] do[] not share.").

In sum, Defendants propose an unprecedented and unworkable standard for motions to transfer that would turn Section 1404 analysis on its head. The Court rejects this approach and must therefore deny the Motion.

CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion.

**SO ORDERED**.

March 2̶6̶, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE