UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF UTAH, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:23-cv-16 |
| JULIE A. SU, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' FIRST SUPPLEMENTAL BRIEF
IN SUPPORT OF SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................1

BACKGROUND .................................................................................................................................2

ARGUMENT .......................................................................................................................................3

    I.    The Rule follows from ERISA's statutory text. ...............................................................4

    II.   The Rule is consistent with DOL's longstanding position. ............................................5

    III.  Plaintiffs' objections are unavailing. ..................................................................................6

    IV.  Any relief granted should be narrowly tailored. ............................................................10

CONCLUSION .................................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Chevron v. NRDC*,
  476 U.S. (1984) ............................................................................................................2

*Fifth Third Bancorp v. Dudenhoeffer*,
  573 U.S. 409 (2014) .................................................................................................. 4, 10

*Fulton Nat'l Bank v. Tate*,
  363 F.2d 562 (5th Cir. 1966) ........................................................................................9

*Halperin v. Richards*,
  7 F.4th 534 (7th Cir. 2021) ...........................................................................................9

*Loper Bright Enterprises v. Raimondo*,
  144 S. Ct. 2244 (2024) ...................................................................................... 1, 3, 4, 6

*NLRB v. Amax Coal Co.*,
  453 U.S. 322 (1981) .....................................................................................................9

*Skidmore v. Swift & Co.*,
  323 U.S. 134 (1944) ................................................................................................ 4, 6

*Utah v. Su*,
  109 F.4th 313 (5th Cir. 2024) .......................................................................................3

*Utah v. Walsh*,
  No. 2:23-CV-016-Z, 2023 WL 6205926 (N.D. Tex. Sept. 21, 2023) ....................passim

*W. Va. v. EPA*,
  142 S. Ct. 2587 (2022) ............................................................................................ 6, 7

**Statutes**

29 U.S.C. § 1104 ..................................................................................................................4

29 U.S.C. § 1104(a) .............................................................................................................5

29 U.S.C. § 1104(a)(1)(B) ...................................................................................................4

29 U.S.C. § 1104(a)(1)(C) ...................................................................................................7

**Rules**

Fed. R. Civ. P. 65(a)(2) ........................................................................................................2

Regulations

29 C.F.R. § 2550.404a–1(a) (2023) ..........................................................................................4

29 C.F.R. § 2550.404a–1(c)(1) ................................................................................................5

29 C.F.R. § 2550.404a–1(c)(2) ................................................................................................5

59 Fed. Reg. 32606 ..................................................................................................................6

85 Fed. Reg. 72846 ..................................................................................................................6

87 Fed. Reg. 73822 (Dec. 1, 2022) ..........................................................................................1

Other Authorities

73 Fed. Reg. 61734 ..................................................................................................................6

80 Fed. Reg. 65135 ..................................................................................................................6

**INTRODUCTION**

This case returns to this Court on limited remand following the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). While *Loper Bright* alters the deference afforded to some agency interpretations of statutory provisions, it does not alter this Court's prior conclusion that the challenged rule is lawful. This Court already rejected Plaintiffs' challenge to the Department of Labor's ("DOL") rule clarifying the duties of fiduciaries pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Final Rule, Prudence and Loyalty in Selecting Plan Investments and Exercising Shareholder Rights, 87 Fed. Reg. 73822 (Dec. 1, 2022) ("Rule"); *Utah v. Walsh*, No. 2:23-CV-016-Z, 2023 WL 6205926, at *8 (N.D. Tex. Sept. 21, 2023). On remand, the Court should again reject Plaintiffs' challenge for the same reason: the Rule is consistent with ERISA and with DOL's longstanding position.

As *Loper Bright* expressly reaffirmed, courts determining the meaning of statutory provisions pursuant to the Administrative Procedure Act ("APA") may seek guidance from agency interpretations—especially where such interpretations have remained consistent over time. Here, the challenged Rule reaffirms ERISA's statutory requirement that fiduciaries' exclusive purpose must be to secure financial benefits for plan participants and beneficiaries, and that this purpose may never be subordinated to unrelated goals. Consistent with this requirement, the Rule restates DOL's longstanding position that ERISA's language does not instruct fiduciaries how to choose between two investment courses of action that serve the financial interests of the plan equally well, and so a fiduciary may look to collateral factors—that is, factors unrelated to risk and return—in deciding how to break the tie. That position has remained unswerving for nearly three decades, across five presidential administrations, including in the immediate past rule that was rescinded and replaced by the challenged Rule.

This Court need not revisit its other prior conclusions—including that the Rule is not arbitrary

1

and capricious—as *Loper Bright* does not bear on those conclusions.

Accordingly, this Court should again grant summary judgment to Defendants.

## BACKGROUND

Defendants incorporate by reference the statutory and regulatory history provided in Defendants' opposition to Plaintiffs' motion for summary judgment. *See* Defs.' Opp. to Pls.' Mot. for Prelim. Inj. at 3–14, ECF No. 69 ("PI Opp.").

On January 26, 2023, Plaintiffs challenged this Rule under the APA. *See* Compl. for Decl. & Inj. Relief, ECF No. 1; First Am. Compl. for Decl. & Inj. Relief, ECF No. 47 ("Am. Compl."). On February 24, 2023, Plaintiffs moved for a preliminary injunction. *See* Mot. for Prelim. Inj. & Mem. in Supp., ECF No. 39. After briefing Plaintiffs' motion for a preliminary injunction, *see* ECF Nos. 69, 85, the parties agreed to consolidate the preliminary-injunction hearing with the merits, Fed. R. Civ. P. 65(a)(2), and briefed cross-motions for summary judgment, *see* ECF Nos. 92, 95, 99, 101. In that prior briefing, Defendants explained that the Rule's tiebreaker standard is consistent with ERISA's statutory duties of prudence and loyalty, and with DOL's longstanding position. *See* PI Opp. 22–25. Defendants also argued—separately—that DOL's reasonable use of the tiebreaker standard is entitled to deference under *Chevron v. NRDC*, 476 U.S. 837 (1984). *See id.* at 25–26.

On September 21, 2023, this Court entered summary judgment for the Government. *See Utah*, 2023 WL 6205926, at *8. Invoking the *Chevron* framework, the Court rejected Plaintiffs' argument that "'the plain text of ERISA forecloses consideration of non-pecuniary factors, including for tiebreakers,'" because "Congress has not 'directly spoken to'" fiduciaries' duties where there is "a 'tie' between two financially equivalent investment options." *Id.* at *4 (citations omitted). And the Rule's tiebreaker standard is "reasonable[]" because it is consistent with "prior rulemakings," "long established ERISA doctrine," and "relevant common law prudent investor standards." *Id.* at *4–5.

Plaintiffs appealed this Court's decision. *See* Opening Br. for Appellants at 25–29, *Utah v. Su*,

2

No. 23-11097 (5th Cir. Jan. 18, 2024) ("Appellants' Br."). On appeal, and consistent with their arguments before this Court, Defendants reiterated that "the tiebreaker is valid even aside from the *Chevron* framework." *See* Br. for Appellees at 40, *Utah v. Su*, No. 23-11097 (5th Cir. Mar. 21, 2024). While that appeal was pending, the Supreme Court decided *Loper Bright*, overruling *Chevron* and holding that courts reviewing agency action under the APA "must exercise independent judgment in determining the meaning of statutory provisions." 144 S. Ct. at 2262. The Fifth Circuit recognized that Defendants had "disclaimed reliance on *Chevron*," and thus *Loper Bright* "had little effect on the parties' arguments." *Utah v. Su*, 109 F.4th 313, 319 (5th Cir. 2024). But, consistent with its "normal" practice, the Fifth Circuit remanded for reconsideration in light of *Loper Bright*. *Id.* at 319, 321–22.

## ARGUMENT

*Loper Bright* alters the deference granted to agencies in reviewing agency action under the APA, but it does not alter the Court's conclusion here that the Rule is lawful. As an initial matter, this Court need consider the effect of *Loper Bright* only upon its prior holding that this Rule is consistent with ERISA. *See Utah*, 2023 WL 6205926, at *3–5. *Loper Bright* has no relevance to this Court's separate conclusions that the Rule does not implicate the major questions doctrine, *see id.* at *4 n.3; the Rule is not arbitrary and capricious, *see id.* at *5–8; and "State Plaintiffs likely do not have standing," *id.* at *3 n.1. To the extent necessary, Defendants reincorporate those prior arguments here. *See* PI Opp. 26–28 (major questions doctrine); *id.* at 28–38 (arbitrary and capricious); *id.* at 14–18 (standing).

In *Loper Bright*, the Supreme Court held that "courts must exercise independent judgment in determining the meaning of statutory provisions." 144 S. Ct. at 2262. *Loper Bright* reaffirmed that in doing so, courts may "seek aid" from agency interpretations, which are due "respect." *Id.* at 2262, 2265. The Supreme Court explained that agency "interpretations 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.'" *Id.* at 2262. Moreover, interpretations "which have remained consistent over time[] may be especially useful in

3

determining the statute's meaning." *Id.* (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)); *see also id.* at 2309 (Kagan, J., dissenting) ("[T]he majority makes clear that . . . *Skidmore* deference continues to apply."); *Skidmore*, 323 U.S. at 140 ("[t]he weight of such a judgment in a particular case will depend upon" factors including "its consistency with earlier and later pronouncements").

### I. The Rule follows from ERISA's statutory text.

The Rule faithfully adheres to ERISA's statutory terms. Section 404 of ERISA codifies fiduciaries' duties of loyalty and prudence to plan participants and beneficiaries. *See* 29 U.S.C. § 1104. Thus, fiduciaries must act "solely in the interest of the participants and beneficiaries" of a plan and "for the exclusive purpose of[] . . . providing benefits to" them while "defraying reasonable costs of the plan." *Id.* § 1104(a)(1). The parties agree that "the term 'benefits'" in that provision refers only to "*financial* benefits." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 421 (2014). Fiduciaries are further obligated to act with the "skill, care, prudence, and diligence under the circumstances then prevailing" of a prudent person. 29 U.S.C. § 1104(a)(1)(B). The Rule—issued under the Secretary's authority to promulgate "such regulations as [s]he finds necessary or appropriate to carry out" ERISA's standards governing the operation of private-sector employee benefit plans, *id.* § 1135; *see also id.* § 1001(a), (b)—is entirely consistent with this language.

First, the Rule reaffirms ERISA's requirement that plan participants' financial interests must be paramount. The Rule restates the language of Section 404, *see* 29 C.F.R. § 2550.404a–1(a) (2023), and elaborates upon it. It forbids fiduciaries from "subordinat[ing] the interests of the participants and beneficiaries in their retirement income or financial benefits . . . to other objectives," and from "sacrific[ing] investment return or tak[ing] on additional investment risk to promote goals unrelated to the interests of the participants and beneficiaries in their plans." *Id.* § 2550.404a–1(c)(1). It also prohibits fiduciaries from "accept[ing] expected reduced returns or greater risks to secure [collateral] benefits." *Id.* § 2550.404a–1(c)(2). And the Rule reaffirms—in furtherance of ERISA Section 404—

4

that fiduciaries may consider any factor, including but not limited to ESG factors, that is relevant to the expected economic risk and return of an investment. *See id.* § 2550.404a–1(b)(4) (providing that "[r]isk and return factors" on which fiduciaries base investment decisions "may include the economic effects of climate change and other environmental, social, or governance factors on the particular investment or investment course of action"); *see also Utah*, 2023 WL 6205926, at *4 ("Plaintiffs concede that ESG factors can be considered for risk-return purposes in appropriate circumstances.").

Second, as relevant here, the Rule recognizes that ERISA does not bar fiduciaries from considering collateral factors under tightly limited circumstances. If a "fiduciary prudently concludes that competing investments, or competing investment courses of action, equally serve the financial interests of the plan over the appropriate time horizon," the Rule recognizes that ERISA does not prohibit the fiduciary from considering "collateral benefits other than investment returns" in choosing among the options. 29 C.F.R. § 2550.404a–1(c)(2). When applying the tiebreaker, the fiduciary must act in accordance with the duties of prudence and loyalty, *see* 29 U.S.C. § 1104(a), and cannot engage in prohibited transactions, *see id.* § 1106. As noted above, fiduciaries must thus "[a]ct solely in accordance with the economic interest of the plan and its participants and beneficiaries," "[c]onsider[ing] any costs involved," and they may "[n]ot subordinate the interests of the participants and beneficiaries in their retirement income or financial benefits under the plan to any other objective." 29 C.F.R. § 2550.404a–1(c)(1), (d)(2)(ii). Thus, the Rule's tiebreaker provision installs double guardrails: both a strict ban on subordinating financial benefits and an insistence that any determination of a tie must itself be *prudent*. *See* 29 C.F.R. § 2550.404a–1(c)(2) (must "prudently conclude" investments are equal).

## II. The Rule is consistent with DOL's longstanding position.

Fiduciaries have relied upon the tiebreaker to select investments in appropriate situations for at least thirty years. *See* 87 Fed. Reg. at 73836 (noting use of tiebreaker standard is in line with the

5

"settled expectations of fiduciaries"); *see also, e.g.*, 59 Fed. Reg. 32606, 32607 (Jun. 23, 1994) ("investment return to the plan commensurate to alternative investments having similar risks"); 73 Fed. Reg. 61734, 61735 (Oct. 17, 2008) ("truly equal, taking into account a quantitative and qualitative analysis of the economic impact on the plan"); 80 Fed. Reg. 65135, 65136 (Oct. 26, 2015) ("economically equivalent, with respect to return and risk to beneficiaries in the appropriate time horizon"). Any differences in the articulation of that standard across time have been far less significant than the commonalities. As the Supreme Court reaffirmed in *Loper Bright*, interpretations like the tiebreaker standard that "have remained consistent over time" are "especially useful" in courts' interpretations of statutory provisions. 144 S. Ct. at 2262; *see also id.* (reaffirming that agency "interpretations 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance'" (quoting *Skidmore*, 323 U.S. at 140)).

Indeed, the 2020 rule also expressly permitted fiduciaries to consider collateral factors in choosing between tied investments. *See* 85 Fed. Reg. 72846, 72862 (Nov. 13, 2020). As this Court explained, the 2020 rule allowed "collateral factors [to] be considered when a fiduciary is 'unable to distinguish' between two investment options based on financial factors alone," whereas the challenged Rule "allows the same when the two options 'equally serve the financial interests of the plan.'" *Utah*, 2023 WL 6205926, at *2 (citations omitted). This Court found "little meaningful daylight between" those standards from the perspective of their alignment with the statute. *Id.* Thus, as this Court recognized, the Rule is consistent with "the 'history and breadth of the authority that [DOL] has asserted.'" *Utah*, 2023 WL 6205926, at *4 n.3 (quoting *W. Va. v. EPA*, 142 S. Ct. 2587, 2608 (2022)) (explaining that such history and authority confirms that major questions doctrine does not apply).

### III. Plaintiffs' objections are unavailing.

Plaintiffs' objections to the Rule misunderstand the circumstances in which the tiebreaker standard applies. The standard is implicated only where a fiduciary, acting with all due prudence and

6

loyalty, *cannot resolve* a choice between competing investments. Plaintiffs' complaints that the tiebreaker standard "ignore[s]" those duties are thus misplaced. Appellants' Br. 28.

For example, Plaintiffs suggested on appeal that the tiebreaker standard is unlawful because "true 'ties' [do not] exist in investing," as "'no two investments are the same in each and every respect.'" *Id.* at 28–29 (quoting 87 Fed. Reg. at 73,836). But investments need not be "the same in each and every respect" in order to present a "tie[]." *Id.* Rather, as the Rule explains, investments "may serve the financial interests of the plan equally well" even when they "differ in a wide range of attributes." 87 Fed. Reg. at 73,836. That circumstance may be particularly likely to arise in the context of "investments outside liquid financial markets." *Id.* And if two or more investments "serve the financial interests of the plan equally well," *id.*, then the fiduciary satisfies his duties of loyalty and prudence regardless of how he resolves the tie. Thus, even if Plaintiffs are correct that "true 'ties'" are infrequent, Appellants' Br. 28, that does not mean the tiebreaker standard is invalid—it means merely that it applies infrequently.

Plaintiffs are also wrong that fiduciaries confronting a tie are always required to "choose both rather than just one." *Id.* at 29. Plaintiffs base this argument on ERISA's requirement that fiduciaries must "diversify[] the investments of the plan so as to minimize the risk of large losses." 29 U.S.C. § 1104(a)(1)(C). But that provision recognizes that diversification across multiple investments is *not* appropriate if the fiduciary concludes that it is "clearly not prudent to do so." *Id.* And one scenario in which it may be imprudent to diversify is "when investing in two (or more) alternatives that equally serve the financial interests of the plan, rather than one, entails additional costs (such as transactional or monitoring costs) that offset the benefits" of diversification. 87 Fed. Reg. at 73,836. The Rule thus provides fiduciaries with guidance, consistent with the duties of prudence and loyalty, in such circumstances where a fiduciary determines that prudence requires a choice among competing investments. But if the fiduciary determines that it is financially advantageous for the plan to invest

7

in both assets, rather than just one, then there is no tie—and the tiebreaker standard does not apply.

Indeed, Plaintiffs proffer no alternative for how fiduciaries should break a tie in circumstances where prudence requires a choice. On appeal, Plaintiffs suggested that if a tie were ever to arise, "the fiduciary could choose (even randomly, if needed) between the options." Appellants' Br. 29 n.2. All that matters, Plaintiffs argued, is that "the answer *cannot* be determined by some collateral factor." *Id.* But Plaintiffs' position is paradoxical. When two or more investment options equally serve the plan's financial interest, *any* means of choosing among them is definitionally "collateral."[1] Plaintiffs themselves recognize that fiduciaries must be permitted to "choose" among the competing options in that scenario. Choosing "randomly" is no less collateral to risk and return than any other criterion a fiduciary might employ. Indeed, as noted above, even the 2020 rule expressly permitted fiduciaries to consider collateral factors in choosing between tied investments. *See supra* p. 6. Plaintiffs fail to explain why the duties of loyalty and prudence require fiduciaries to base such choices on a coin flip.

Nor does Plaintiffs' invocation of common-law principles provide such an explanation. *See* Appellants' Br. 31–34. Nowhere does the common law forbid a fiduciary's consideration of collateral factors in the narrow circumstance in which the tiebreaker standard applies. For example, the discussion in the latest Restatement of Trusts that most directly speaks to the question here is a comment stating that a "trustee has a duty to the beneficiaries not to be influenced by the interest of any third person or by motives other than the accomplishment of the purposes of the trust." Restatement (Third) of Trusts § 78 cmt. f (2007). But the reporter's note to that comment suggests that outside influences, such as "social investing," are improper "if the investment activity entails

---

[1] Plaintiffs also suggested that there remain "plenty of possible tiebreakers . . . that are focused solely and exclusively on financial considerations." Reply Br. for Appellants at 8, *Utah v. Su*, No. 23-11097 (Apr. 11, 2024). But if "financial considerations" distinguished competing investments, then by definition there was never a tie in the first place. As the Rule makes clear, a tie arises *only* where two or more investments "serve the financial interests of the plan equally well." 87 Fed. Reg. at 73,836.

8

*sacrificing the interests of trust beneficiaries*—for example, by accepting below-market returns—in favor of the interests of persons supposedly benefited by pursuing the particular social cause." *Id.* § 78, reporter's note to cmt. f (emphasis added) (noting that there exists "considerable disagreement" among courts and scholars "about what loyalty should require in this context"). The Rule is thus consistent with the Restatement, as it reaffirms that "[a] fiduciary may not subordinate the interests of the participants and beneficiaries in their retirement income or financial benefits under the plan to other objectives, and may not sacrifice investment return or take on additional investment risk to promote benefits or goals unrelated to interests of the participants and beneficiaries in their retirement income or financial benefits under the plan." 87 Fed. Reg. at 73,885.

Plaintiffs' resort to case law suffers from the same problem of focusing on circumstances in which the tiebreaker standard does not apply. For example, the principle that a fiduciary cannot "allow[] himself to be placed in a position where his personal interest might conflict with the interest of the beneficiary," *Fulton Nat'l Bank v. Tate*, 363 F.2d 562, 571 (5th Cir. 1966), has no bearing on the tiebreaker standard, which applies only where no such "conflict" can exist, *compare id.* (estate fiduciary who advanced personal financial interest in connection with estate duties violated ERISA). Nor does the tiebreaker standard impose "conflicting interests," *NLRB v. Amax Coal Co.*, 453 U.S. 322 (1981), as, again, the standard arises only where there is no "conflict[]," *id.*, to begin with. And the tiebreaker standard does not "put the fiduciary in a position to engage in self-serving behavior at the expense of beneficiaries," or to "engage[] in conflict tainted transactions," *Halperin v. Richards*, 7 F.4th 534, 546 (7th Cir. 2021); again, the Rule emphasizes that fiduciaries breach their duties where they undermine the plan's financial interests in an attempt to secure collateral benefits, 87 Fed. Reg. at 73,885.

Some fiduciaries may never need to break a tie. In certain circumstances, however, it is necessary. As DOL explained in its 2008 guidance, when "two or more investment alternatives are of equal economic value to a plan," "ERISA requires fiduciaries to . . . make choices between [those]

9

alternatives," but "ERISA does not itself specifically provide a basis for making the investment choice in this circumstance." 73 Fed. Reg. at 61,735. The Rule thus gives guidance to fiduciaries, consistent with their duties of prudence and loyalty, where tie-breaking is necessary. As this Court recognized, that guidance is consistent with "long established ERISA doctrine" and "relevant common law prudent investor standards," including "*Dudenhoeffer*'s holding that fiduciaries must act 'for the exclusive purpose' of 'providing [financial] benefits to participants and their beneficiaries.'" *Utah*, 2023 WL 6205926, at *5 (quoting *Dudenhoeffer*, 573 U.S. at 421). Accordingly, the Court should again grant summary judgment to Defendants.

**IV. Any relief granted should be narrowly tailored.**

*Loper Bright* is not relevant to Defendants' arguments that Plaintiffs are not otherwise entitled to the overbroad relief they seek. If the Court were to determine that any portion of the Rule is invalid as to any Plaintiff, it should give effect to the Rule's severability clause, *see* 87 Fed. Reg. at 73886, and tailor any relief narrowly to allow the remainder of the Rule to remain in effect, *see* Defs.' Mem. in Supp. of Cross-Mot. for Summ. J. & Opp. to Pls.' Mot. for Summ. J. at 9–10, ECF No. 95 ("Defs.' MSJ & Opp."); *see also* PI Opp. 40. Any relief granted may properly extend only to Plaintiffs with standing, which excludes the Plaintiff States. *See* Defs' MSJ & Opp. 10; PI Opp. 14–18, 40; *see also Utah*, 2023 WL 6205926, at *3 n.1 ("State Plaintiffs likely do not have standing."). And Plaintiffs are not entitled to universal vacatur, nor to any order by this Court "retain[ing] jurisdiction" in any final judgment. *See* Defs.' MSJ & Opp. 10. To the extent necessary, Defendants reincorporate those prior arguments here. *See id.*; Defs.' Reply in Supp. of Defs.' Cross-Mot. for Summ. J. at 5, ECF No. 101.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Defendants' prior briefing, the Court should enter summary judgment for Defendants. At a minimum, any relief granted should apply only to any portion of the Rule found invalid, and only to Plaintiffs who have demonstrated standing.

10

Dated:  October 16, 2024

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

JULIE STRAUS HARRIS
*Assistant Branch Director*
Federal Programs Branch

<u>/s/ *Cassandra M. Snyder*</u>
CASSANDRA M. SNYDER
*Trial Attorney*
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 451-7729
cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2024, I electronically filed this brief with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Cassandra M Snyder*
CASSANDRA M. SNYDER
U.S. Department of Justice